## SHACKELFORD v. SUPREME CONCLAVE KNIGHTS OF DAMON.

1. By-laws of an organization which expressly and exclusively relate to persons who become applicants for membership after the organization has been completed, are not applicable to those who participate as charter members in forming the organization.
2. If a "benefit certificate," in the nature of a policy of insurance, was delivered by the corporation which issued it, the same being the grand conclave of a certain brotherhood, to an individual or his duly authorized agent, no fraud or fraudulent concealment to obtain the delivery of such certificate having been practiced, and if then or afterwards the insured or the beneficiary paid or tendered all dues demandable up to that time, the insurer was bound by and estopped from denying recitals therein to the effect that the insured was a duly initiated member of a subordinate conclave, and entitled as such to receive the certificate in question.
3. As the controlling question in the present case was, whether or not the " benefit certificate " had ever in fact been delivered to one who was a duly authorized agent of the insured and who obtained possession of the certificate in good faith and without fraud, the case ought to have been made to turn mainly upon the determination of this issue, and should have been submitted to the jury accordingly. The court therefore erred in presenting for their consideration various other questions relating to matters antedating the alleged delivery of the certificate, and which could not in any view properly affect the result.
4. If there was no lawful delivery of the certificate, there was no

contract on the part of the defendant and it was not liable. If there was a lawful delivery, the questions last above indicated were immaterial. At the next trial, the question of forfeiture after delivery, in case there was a delivery, can be passed upon and adjudicated.

April 6, 1896.   Argued at the last term.

Action on insurance policy.   Before Judge Ross.   City court of Macon.   June term, 1895.

*W. B. Farley, P. F. Smith* and *M. G. Bayne,* for plaintiff.   *Steed & Wimberly* and *A. W. Lane,* for defendant.

ATKINSON, Justice.

The plaintiff, as the beneficiary thereof, brought an action against the defendant upon what is called a "benefit certificate" issued by the defendant, and which certificate was in the following words, to wit:

"No 1879.                                              $1,000.00.
*Benefit Certificate issued by Supreme Conclave
Knights of Damon.*

"This certificate is issued to Benjamin Franklin McDade, a first degree member of Atlanta Conclave, No. 40, Knights of Damon, located at Atlanta, Ga., upon evidence received from said Conclave that said person is a contributor to the benefit fund of this order; upon condition that the statements made by said person in the petition for this membership in said Conclave, and the statements certified by said petitioner to the medical examiner, both of which are filed in the Supreme Secretary's office, be made a part of this contract, and upon condition that the said member .complies in the future with the laws, rules and regulations now governing the said Conclave and fund, or that may hereafter be enacted by the Supreme Conclave to govern said Conclave and fund.   These conditions being complied with, the Supreme Conclave of the Knights of Damon, hereby promises and binds itself to pay out of its benefit fund to Geo. W. Shackelford, his brother-in-law, one thousand dollars, in accordance with and under the provisions of the laws governing said fund, upon satisfactory evidence of the death of said member, or a sum not exceeding five hundred dollars, in accordance with and under the provisions of the laws governing said fund, upon satisfactory evidence of the permanent total disability of said mem-

ber and upon surrender of this certificate; provided that said member is in good standing in this order at the time of said death or disability; and provided also that this certificate shall not have been surrendered by said member, and another certificate issued at the request of said member, in accordance with the laws of this order.

"In witness whereof, the Supreme Conclave of the Knights of Damon has hereunto affixed its seal and caused this certificate to be signed by its Supreme Commander, and Supreme Secretary, and recorded in the records thereof at Macon, Ga., this twenty-eighth day of September, A. D. 1893.              W. B. Daniel, Supreme Commander.

Seal of Supreme      D. Q. Abbott, Supreme Secretary.
Conclave Knights
of Damon, Organ-        Jno. Cooper, Secretary.
    ized, 1891.          Subordinate Conclave Seal.
"Witnessed and delivered in    Atlanta Conclave No. 40.
    our presence:          F. F. O. K. of D. Ga.
    W. H. Harrison,        September, 1893.
          Commander.

[Endorsed]. "Benefit certificate No. 1879. Amount $1,000.00. Issued to B. F. McDade, Atlanta, Ga. Supreme Conclave Knights of Damon. Age 45; Degree 1; Assmt. $1.00."

It was shown that the person upon account of whose membership the same was issued had died, and the question was as to whether he was a member in good standing in the order at the time of his death. It appears that the subordinate Conclave, of which the deceased was a member, was organized by a person who was recognized by the defendant as having full authority to organize and institute subordinate conclaves. A subordinate lodge, or conclave, was organized, into which, according to the contention of the plaintiff, the deceased was admitted as a charter member; and though there appear to have been some slight irregularities affecting his admission to the order, dues were regularly assessed against him as a member, and these dues, at the request of the deceased member, were paid by the plaintiff, he being the beneficiary. In due course of time his cer-

tificate of membership was delivered to him, he having in the meantime passed the final examination as to his physical condition before the supreme medical examiner of the order. A number of by-laws were introduced in evidence, which by their terms referred to the admission of members after the institution of a subordinate conclave; one, among others, requiring that the candidate for admission should take upon himself certain obligations, and a number of others which can have no application to charter members who participate in the institution of a conclave. Another of these regulations is, that every conclave shall forward to the supreme secretary all applications for membership within fifteen days from the applicant's admission, and with each application, one dollar to pay for the "benefit certificate." Upon the trial of the case, the organizer of the conclave testified that the deceased member had been duly admitted as a charter member of the conclave, and that he, by virtue of his position as organizer, had required him to subscribe to all of the requisite obligations which were necessary to constitute him a member in good standing of the order. Upon the trial of the case, it was insisted upon the part of the defendant that the deceased was never a charter member of the organization, and was therefore not entitled to participate in its benefit funds. The court, in effect, charged the jury, that in order to entitle himself to the benefit guaranteed by the certificate introduced, the plaintiff must show that the alleged deceased member had complied with all of the prerequisites expressed in the charter and by-laws, instructing the jury that a failure to comply with these preliminary requirements would forfeit his right to participate in the benefit fund. A great many questions are made in the present case which it is not necessary for us to consider; they will not likely arise upon another trial.

1. Without undertaking to enter upon an extended discussion of the relative binding force upon its members of those rules and regulations of secret organizations which

affect its charter members, and those which affect the conduct of members admitted subsequent to the institution of the subordinate conclave, it may be broadly stated that where, as in the present case, a distinction is to be made between those formalities and duties required of charter members, and those which apply to persons who are subsequently admitted into a conclave, the by-laws which relate to one class expressly ought not to be so construed as to extend to the other.    In the institution of the conclave in the first instance, there is necessarily less of formality, and less of ceremonial than would properly be applied to members seeking admission into a regularly constituted conclave, and therefore in undertaking to judge the rights of one class of persons by the rules established to control the conduct of the other class, a manifest injustice may be done.

2. Whether or not the deceased member in the present case was a member of the conclave into which he claims to have been initiated as a charter member, we do not think is an open question.    The "benefit certificate" upon which he brings his suit expressly declares:    "This certificate is issued to Benjamin Franklin McDade, a first degree member of Atlanta Conclave, No. 40, Knights of Damon, located at Atlanta, Georgia."    The initial statement of this certificate, which was duly and properly issued by the officers having authority to do that act, recognizes the fact that he is a member.    It will be presumed, then, that this recital is true, and the benefit society will be estopped to deny the membership of the person upon account of whose membership the certificate was issued.    Amongst other things, the defendant contested the right of the plaintiff to recover, upon the ground that he had not, previously to the issuance of the certificate, been a contributor to the benefit fund of the order, and that no evidence of that fact had been submitted in his favor by the conclave of which he was a member. Following the statement above quoted, is the statement that this certificate is issued "upon evidence received from

said conclave that said person is a contributor to the benefit fund of this order." So that upon that proposition the defendant is estopped by its statement under its own hand and seal. The only conditions upon which his beneficiary was to be denied the right to participate, were the warranty by him that the statements made by the member in his petition for membership in said conclave, and the statements certified by said petitioner to the medical examiner, both of which are filed in the secretary's office, be made a part of this contract, and upon condition that the said member complies in the future with the laws, rules and regulations now governing said conclave and fund, or that may hereafter be enacted by the Supreme Conclave to govern said conclave and fund. There is no intimation in the evidence that any false statement was made by the applicant in his petition to the medical examiner. It is admitted by the certificate that both of these were filed in the supreme secretary's office, and the only contention is that this "benefit certificate" after its issue had been illegally delivered to the beneficiary, the member not having paid or tendered his dues. The testimony upon this point seems to have been somewhat conflicting, but there was ample evidence from which the jury could have found, had the case been made to turn upon that point, that the benefit certificate, though actually received by the beneficiary, was by that act delivered to the member, it being shown that for this purpose the beneficiary was the agent of the member.

3. No fraud, or fraudulent statement of any fact material to be known, was practiced by the member, and he, having paid or tendered all the dues that were demanded up to that time, was entitled to the certificate; and as the controlling question in the present case was whether or not the benefit certificate had ever in fact been delivered to the duly authorized agent of the member, who obtained possession of the certificate in good faith and without fraud, the case ought to have been made to turn mainly upon the

determination of that issue, and should have been submitted to the jury accordingly. Instructions which relate to questions antedating, and which, as we have seen, were concluded by the issue of the certificate, ought not to change or vary the rights of the member.

4. Of course if there were no lawful delivery of the certificate, there was no contract on the part of the defendant, and it would not be liable. If there were a lawful delivery of this certificate to the member or his agent, and there had been upon the part of the member no breach of any of the duties imposed upon him by the laws of the order between the time the certificate was issued and the time of his death, he would be entitled to recover.

*Judgment reversed.*